The opinion of the Court was delivered by
Wardlaw, J.
The verdict has established that the paper, subject of this suit, is a genuine instrument, which William King, in his lifetime, signed, sealed and delivered to the plaintiff.
The terms of the instrument show that it was probably intended as an advancement to the husband of a granddaughter, who, if the maker of the instrument had died intestate, would have been entitled to a distributive share of his estate. Certainly, there appears to have been no consideration moving the maker, besides blood and affection, and the instrument may be treated as altogether voluntary. It seems to promise payment one day after its date, but plainly restricts collection before the maker’s death. It then contemplated payment by his executors or administrators, and the important question of the case is whether it is not testamentary. If testamentary, not having been attested by three witnesses as our Act of 1824 requires all wills of personalty to be, it is void.
In argument for the plaintiff, reference has been made to cases, where by deed, a gift was made of negroes, with the *130 reservation by tbe donor of a right to retain and use them during bis life: such as Alexander vs. Burnet, 5 Rich. 189, and Jaggers vs. Estes, 2 Strob. Eq. 343: — and it has been supposed that in this case as in those there was the immediate gift of a present interest whose enjoyment was postponed. But in any of those cases the interest, which was vested in the donee, would have enabled him, at the donor’s death, to take possession of the negroes without the assent of the donor’s executor; — whereas in the case before ns, even if the plaintiff, to whom the instrument in question was given, could have assigned his interest, resort to the executors for payment could in no way have been avoided; and there is therefore more plausibility in saying that this instrument, although in form a deed, was only a direction for executors to pay, — a mere ambulatory expression of what the maker of it, at its date, intended concerning the disposition to be made, after his death, of a portion of his estate.
We must then look further. There is no prescribed form for a will, and cases have occurred, in the Ecclesiastical Courts of England, of papers very unlike ordinary wills, which have been admitted to probate. In Masterman vs. Maberly, 2 Hagg. 235, Sir John Nicholl mentions instances of Scotch conveyances, deeds of gift, bonds, promissory notes, assignments, endorsements, receipts, letters and marriage articles: and he holds that a paper not intended to be a will, but an instrument of a different shape, if it cannot operate in the latter character, may operate in the former. This, it will be observed, was held under a law which required no formality in the execution of a will of personalty; and in applying it to our law, we may say that if an instrument can operate in some other character, which appears to have been intended, it will not be held testamentary; and especially not, when it has not the requisite formalities of a will, and holding it testamentary would be declaring it void. *131 On the other hand, we must acknowledge that when an instrument has the essential nature of a testamentary disposi" tion, in being revocable and inoperative until the death of its maker, it should not be allowed to prevail, according to its shape as an instrument inter vivos, merely because it cannot take effect as a will for want of due formalities. An irrevocable expression of intention should be aided, but the statutes concerning wills should not be evaded.
The delivery of the paper in question relieves it from the objections which were considered in the cases of Disher vs. Disher, 1 P. Wms. 204; Newland vs. Gilham, 1 P. Wms. 577 ; Toner vs. Taggart, 5 Binn. 490, and other cases cited in the one last mentioned.
That the payment was appointed to be made at the death of the obligor, is not, of itself, an objection to the paper’s being considered an irrevocable obligation. Even promissory notes for valuable consideration payable at the death of the maker or of a third’person have been held good. Stra. 1217 ; Wales, 393 ; 19 Conn. 18 ; 10 Adol. & Ell. 222 and on bonds so payable many instances of recovery may be found. (3 Term, 372 ; 5 Term, 381; 8 Term, 483.)
The want of consideration is the objection which has been mainly urged on the part of the defendants.
In our case of Hall vs. Howard, Rice, 310, upon a paper much like the one now in question, which had been delivered by the maker in his lifetime, an action against his executors failed in 1839. That paper had the words “witness my hand and seal,” but no seal being (as was thought) visible, it was sued on as a promissory note, and'was held to be without consideration and void — “ a mere naked revocable promise” — nudum pactum. We do not know what might have been the result there, if the plaintiff had treated the paper as a specialty, under the view that any blot may be a seal sufficient after the apposui sigillum, or that the accidental *132 erasure of the seal may be presumed where the intention to seal is manifest. The case, under the head pertinent to the matter now in hand, is authority for the position that a promissory note is void between the original parties to it, when want of consideration has been shown. That position is well vindicated in another case, of circumstances somewhat similar, which was decided in our Court of Equity in 1831. Priester vs. Priester, Rich. Eq. Cases, 33.
But the paper now before us is not a promissory note, nor has it been so treated by the plaintiff. This action is debt on a specialty, and the single bill in suit is a bond without penalty — an obligation under seal acknowledging indebtedness — a covenant to pay according to stipulation. To such an instrument the doctrine of nudum pactum is wholly inapplicable. (Plow. 309.) The law gives no action on a parol promise, which is not sustained by a valuable consideration. (Ckitt. on Oont. 27.) Ever since the case of Pillaus vs. Van Minch, 3 Burr. 1671, was overruled by that of Earn vs. Hughes, 7 Term, 350, the division of parol contracts, in regard to consideration, into written and unwritten, has been exploded. Bills of exchange and promissory notes, for reasons of commercial policy, are held so far to import a consideration, that, in suits on them, no consideration need be averred, and when they have been duly negotiated and are in the hands of innocent indorsees or bearers, want of consideration will not avail against them : but between the original parties they are like all other parol contracts, subject to the objection that there is no consideration, or none but blood and affection, and by proof of this the presumption of consideration which the signing of them creates, is rebutted. Bremar vs. Singleton, Harp. 211; 5 Barn. & Cres. 501.
A bond shown to be without consideration is thereby postponed in the distribution of assets to debts founded on valuable consideration, but still it is valid between the par *133 ties and their representatives. (1 Atk. 292, 625; 3 Atk. 541; 3 Pr. Wms. 222; 1 Ves. Sen. 514.)
In the ease of Matlock vs. Gibson, 8 Rich. 439, decided in 1832, there are words hastily used which seem to countenance the notion that sealing merely throws upon him who would object to a specialty the burden of showing that it had no consideration, and that this when shown is just as available against a bond as against a note of hand or other parol contract. These words are proper in their application to the subject then treated of, the right of a defendant, in an action on a bond, to show failure of consideration in defence; and to such subject they must be confined. Our Court has gone far in permitting inquiry into the consideration of a specialty, in defence of an action brought to enforce its obligation, and in permitting a defendant, for prevention of circuity, to show an entire or a partial failure of consideration, or any damages growing out of the contract from which the specialty proceeded. But there is a great difference between the objection to an obligation, that the consideration which really moved it has failed, and the objection that it never had a consideration'. If want of consideration appeared, the inference would be that, for that reason, it was put into such form, that the deliberation implied from the seal should stand in the room of consideration. How could any deed of gift, or covenant to stand seized ever prevail, if the same want of valuable consideration, which renders a parol promise void, would avail to defeat a specialty ?
The Court is satisfied that the single bill in question was, when delivered, intended to be an irrevocable obligation, and that nothing which has been urged against it, requires that it should be prevented from operating in the character which was designedly given to it.
Upon the question of interest, it was a just construction of the paper to hold that although the payment was deferred *134 till tbe obligor’s death, one day after date was fixed as tbe time at wbiob tbe obligee’s right to tbe money should so far attach as to carry interest.
Tbe motion is dismissed.
O’Neall, Withers, Whither, Gloyer and Mukro, JJ., concurred.

Motion dismissed.